

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

January 15, 1959

Honorable Dan Walton
District Attorney
Harris County Courthouse
Houston 2, Texas

Opinion No. WW-546

Re: Whether Article 802e of
Vernon's Penal Code authorizes
prosecution of juveniles under
a city ordinance pertaining to
traffic.

Dear Mr. Walton:

Your request for an opinion reads in part as follows:

"A question has arisen concerning the jurisdiction of the Corpo-
ration Court of the City of Houston to prosecute a juvenile between
the age of 14 and 17 for a violation of a City Ordinance of the City of
Houston. The specific ordinance concerned is the ordinance defining
and making penal a negligent collision. The City Attorney contends that
prosecution can be maintained by reason of Article 802e, V.A.P.C.,
which reads as follows:

"Section 1. Any male minor who has passed his 14th birthday
but has not reached his 17th birthday, and any female minor who has
passed her 14th birthday but has not reached her 18th birthday, and
who drives or operates an automobile or any other motor vehicle on
any public road or highway in this state or upon any street or alley
within the limits of any city, town or village, or upon any beach as
defined in Chapter 430, Acts of the 51st Legislature, 1949, while under
the influence of intoxicating liquor, or who drives or operates an
automobile or any other motor vehicle in such way as to violate any
traffic law of this state, shall be guilty of a misdemeanor and shall
be punished by a fine of not more than One Hundred ($100.00) Dollars.
As used in this section, the term 'any traffic law of this state' shall
include the following statutes, as heretofore or hereafter amended:

"Chapter 42, Acts of the 41st Legislature, Second called Session,
1929 (Article 827a, Vernon's Texas Penal Code), except Section 9a
thereof; Chapter 421, Acts of the 50th Legislature, Regular Session,
1947 (Article 670ld, Vernon's Texas Civil Statutes); Chapter 430, Acts
of the 51st Legislature, Regular Session, 1949 (Article 827f, Vernon's
Texas Penal Code); and Articles 795 and 801, Texas Penal Code of
1925.

"Sec. 4. The offenses created under this Act shall be under the jurisdiction of the courts regularly empowered to try misdemeanors carrying the penalty herein affixed, and shall not be under the jurisdiction of the Juvenile Courts; but nothing contained in this Act shall be construed to otherwise repeal or effect the statutes regulating the powers and duties of Juvenile Courts. The provisions of this Act shall be cumulative of all other laws on this subject."

"It is necessary that this office have your opinion on this question as we are charged with the duty of prosecuting appeals from Corporation Court. (Emphasis supplied)

"It is my opinion that Article 802e would not authorize the prosecution of such a person under a City Ordinance because Article 802e among other things states that it shall be a violation for any such minor to commit the enumerated offenses or "to drive or operate an automobile or any other motor vehicle in such way as to violate any traffic law of this state. . ." However, the statute goes further and defines the term "any traffic law of this state" and in such definition includes only certain statutes of the state and does not include ordinances of incorporated cities. It is my opinion that the enumeration of these state statutes would exclude the application of any other state law or any city ordinances from the operation of the Act."

Section 1 of Article 802e states "as used in this section, the term 'any traffic law of this state' shall include the following statutes. . ." The word include is not, ordinarily, a word of limitation, but rather one of enlargement. However this term 'any traffic law of this state' is all inclusive and in our opinion could not be enlarged upon. Furthermore the caption of the act recites "An Act. . .defining the term 'any traffic law of this state. . .'" It is therefore our opinion that the Legislature intended to and did define such term and Article 802e V.A.P.C. is limited in its application to the offense of driving a motor vehicle while under the influence of intoxicating liquor and to those offenses denounced in Articles 827a, (except section 9a thereof), 827f; 795 and 801, of the penal code and Article 6701d Vernon's Civil Statutes.

## SUMMARY

Article 802e V.A.P.C. is limited in its application to the offense of driving a motor vehicle while under the influence of intoxicating liquor and to those offenses denounced in Articles 827a, except section 9a thereof; 827f; 795 and 801, of the penal code and Article 6701d Vernon's Civil Statutes.

Very truly yours,

WILL WILSON
Attorney General of Texas

By
Cecil Cammack, Jr.

CC:jg

APPROVED:

OPINION COMMITTEE:

Geo. P. Blackburn, Chairman

Mrs. Marietta Payne
Jack Goodman
Byron Fullerton
Henry Braswell
L. P. Lollar

REVIEWED FOR THE ATTORNEY GENERAL
BY:

W. V. Geppert